# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-218V
Filed: November 2, 2017

```
* * * * * * * * * * * * *  *   *
TISIA GREEN,                     *     UNPUBLISHED
                                 *
              Petitioner,        *
v.                               *
                                 *     Decision on Attorneys' Fees and Costs;
                                 *     Respondent Does Not Object.
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *
                                 *
              Respondent.        *
* * * * * * * * * * * * *  *   *
```

*Milton Ragsdale IV, Esq., Ragsdale LLC, Birmingham, AL, for petitioner.*
*Camille Collett, Esq., U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On March 3, 2015, Tisia Green ("MS. Green," or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that she developed a shoulder injury related to an influenza vaccination that she received on or about October 15, 2014. *See* Petition ("Pet."), ECF No. 1; Amended Pet., ECF No. 19. On April 14, 2017 the undersigned issued a Decision awarding compensation to petitioner based on the parties' stipulations. *See* Decision, ECF No. 41.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On October 20, 2017, petitioner filed a Motion for Attorneys' Fees and Costs. Motion for Fees, ECF No. 46. Petitioner requests attorneys' fees in the amount of $21,982.50[3] and attorneys' costs in the amount of $203.14, for a total amount of $22,185.64. *Id.* at 1-2. In accordance with General Order #9, petitioner's counsel represents that petitioner did not incur any out-of-pocket expenses. *Id.* at 2.

On October 25, 2017, respondent filed a response to petitioners' Motion for Fees. Response, ECF No. 47. Respondent provided no specific objection to the amount requested or hours worked, but instead, "respectfully recommend[ed] that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. Petitioner did not file a reply.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). Based on the reasonableness of petitioner's request, the undersigned GRANTS petitioner's motion for attorneys' fees and costs.

Accordingly, the undersigned **awards the total of $22,185.64**,[4] representing reimbursement for attorneys' fees in the amount of $21,982.50 and costs in the amount of $203.14, in the form of a check made payable jointly to petitioner and petitioner's counsel, Milton Ragsdale, Esq.

The Clerk of the Court is directed to enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[3] I have made no determination as to counsel's hourly rate in this matter; I merely conclude that the total sums requested seem reasonable and appropriate.

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs*., 924 F.2d 1029 (Fed. Cir. 1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.